**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ANDREA KANE, MD; BROOK LANG, MD; CHRISTOPHER RABIN, DO, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MEDNAX SERVICES, INC., a foreign corporation; PEDIATRIX MEDICAL GROUP OF WASHINGTON, INC. PS, a Washington professional services corporation, <br><br> Defendants, <br><br> and <br><br> PROVIDENCE HEALTH & SERVICES-WASHINGTON, DBA Providence Sacred Heart Medical Center, <br><br> Defendant-Appellee. | No.   22-36010 <br><br> D.C. No. 2:22-cv-00159-TOR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted December 6, 2023
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: McKEOWN, N.R. SMITH, and SANCHEZ, Circuit Judges.

Plaintiffs-Appellants Drs. Andrea Kane, Brook Lang, and Christopher Rabin ("Plaintiffs") appeal the district court's dismissal of their claims against Defendant-Appellee Providence Health & Services-Washington ("Providence"). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision on a motion to dismiss *de novo*. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011). We reverse and remand.

Plaintiffs are three physicians who were employed by a physician group named Mednax[1] and who worked at a hospital owned by Providence. They allege that their supervisor Dr. Ronald Ilg, a fellow Mednax employee, subjected them to sexist comments and threatened their jobs and physical safety. The district court held that Plaintiffs did not state cognizable employment and negligence claims against Providence and dismissed those claims. The district court then denied Plaintiffs leave to amend on futility grounds, stating: "Based on the detailed allegations of the employer-employee relationship with Mednax and Pediatrix, the Court finds amendment futile for claims against Providence."

We will affirm a dismissal without leave to amend on futility grounds only if "it is clear, upon *de novo* review, that the complaint could not be saved by any

---

[1] Defendants Mednax Services, Inc. ("Mednax") and Pediatrix Medical Group of Washington, Inc., P.S. ("Pediatrix") are not involved in this appeal.

amendment." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citation omitted). We conclude that the district court abused its discretion in denying leave to amend for two reasons.

First, the district court failed to articulate why Plaintiffs' negligence claims, which are not predicated on an employment relationship, warrant dismissal with prejudice. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("A simple denial of leave to amend without any explanation by the district court is subject to reversal."). Second, Plaintiffs' employment claims are not futile simply because Mednax is Plaintiffs' employer. Plaintiffs have also alleged that Providence may be held liable as an employer under the Washington Law Against Discrimination ("WLAD"), which includes "any person acting in the interest of an employer." *See* Wash. Rev. Code § 49.60.040(11).

The district court did not explain why the merits of Plaintiffs' discrimination and retaliation claims could not be saved by further amendment. The district court stated that Plaintiffs' complaint "plead[ed] no facts" showing that Providence itself committed discriminatory acts, but that analysis failed to consider whether Plaintiffs' allegations stated, or could state, a cognizable hostile work environment theory that Providence knew of Dr. Ilg's sexual harassment but failed to take adequate corrective action. *See Glasgow v. Georgia-Pacific Corp.*, 693 P.2d 708, 711–12 (Wash. 1985). Even if the district court identified pleading deficiencies,

3

our precedent generally requires that Plaintiffs be given an opportunity to cure such deficiencies through amendment.  *See Corinthian Colls.*, 655 F.3d at 995.

We reverse the order dismissing Plaintiffs' claims, and we remand to allow Plaintiffs to amend their complaint and conduct limited discovery as appropriate. *See, e.g.*, *In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186, 1190–91 & n.2 (9th Cir. 2015).

**REVERSED AND REMANDED.**